STEVEN L. DERBY, Esq. (SBN 148372)
CELIA MCGUINNESS, Esq. (SBN 159420)
ANTHONY GOLDSMITH, Esq (SBN 125621)
DERBY, McGUINNESS & GOLDSMITH, LLP
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone:  (510) 987-8778
Facsimile:  (510) 359-4419
info@dmglawfirm.com

Attorneys for Plaintiff
TIMOTHY CLEVELAND

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>          Plaintiff,<br><br>v.<br><br>COASTAL LUXURY MANAGEMENT – CRBC, LLC, a California limited liability corporation; COASTAL LUXURY MANAGEMENT, LLC, a California limited liability corporation CANNERY ROW BREWING COMPANY LLC, a limited liability company; CANNERY ROW COMPANY, L.P., a limited partnership; and DOES 1 through 20, Inclusive,<br><br>          Defendants. | CASE NO. 5:17-cv-07352-EJD<br><br>Civil Rights<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. § 12182(a),** *et seq.***]**<br><br>2. **Violation of the Disabled Persons Act [Cal. Civil Code §§ 54 And 54.1]**<br><br>3. **Violation of the Unruh Act [Cal. Civil Code § 51]**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.    Timothy Cleveland ("Plaintiff") has suffered from discrimination as a person with disabilities at the Cannery Row Brewing Company located at 95 Prescott Avenue in Monterey, California (the "Restaurant"). Defendants and/or their employees and agents discriminated against Plaintiff by failing to maintain an accessible restroom, failing to provide vertical access to existing restroom features, and failing to provide accessible dining facilities, in violation of federal and State law.  Plaintiff brings this lawsuit to enforce his rights under the Americans with Disabilities Act and relevant State laws.  He seeks an order requiring Defendants to make the

Restaurant, including the restrooms and associated paths of travel, accessible to him and other similarly situated. Plaintiff also seeks damages, attorneys fees, costs and litigation expenses.

## JURISDICTION

2. This Court has original jurisdiction of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq*. (the "ADA").

3. The Judicial District of the United States District Court for the Northern District of California has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. §1367(a). All the claims derive from a common nucleus of operative facts and arose out of the same transactions. The State law claims are so related to the federal action that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## VENUE

4. Venue in the Judicial District of the United States District Court for the Eastern District of California is in accordance with 28 U.S.C. §1391(b) because Plaintiff's claims arose within this Judicial District and the property that is the subject of this action is located in this District in the City and County of Monterey, California.

## THE PARTIES

5. At all times herein relevant, Plaintiff was a person with a disability as defined in 42 U.S.C. § 12102 and California Government Code § 12926(l). He has paralysis that requires him to use a wheelchair for mobility. Plaintiff's condition affects the following body systems: Neurological, musculoskeletal, and/or cardiovascular. Plaintiff's physical impairment substantially limits major life activities, including standing and walking. Plaintiff cannot perform these activities in the same manner, speed and duration as the average person. Moreover, Plaintiff has a history of and/or has been diagnosed and/or classified as having a

physical impairment. The State of California has issued him a permanent disabled parking placard.

6. Defendants COASTAL LUXURY MANAGEMENT – CRBC, LLC, a California limited liability corporation; COASTAL LUXURY MANAGEMENT, LLC, a California limited liability corporation; CANNERY ROW BREWING COMPANY LLC, a limited liability company, and CANNERY ROW COMPANY, L.P., a limited partnership, are and at all times mentioned herein were, businesses or corporations or franchises organized and existing and/or doing business under the laws of the State of California. Based upon Monterey County records and other documents, Plaintiff is informed and believes and based thereon alleges, that the above-named Defendants and each of them, are the owners and/or operators of the Restaurant and/or the Cannery Row Brewing Company restaurant business conducted there. The named Defendants will be referred to collectively as "Defendants."

7. Defendant CANNERY ROW COMPANY, L.P., a limited partnership, is the owner and lessor of the subject property and participated in the initial development of the subject property on or after 1981. On information and belief, Defendant CANNERY ROW COMPANY, L.P., further developed or participated in the further development of the property so as to turn it into the Cannery Row Brewing Company restaurant in 2010.

8. Defendants COASTAL LUXURY MANAGEMENT – CRBC, LLC, a California limited liability corporation; COASTAL LUXURY MANAGEMENT, LLC, a California limited liability corporation and/or CANNERY ROW BREWING COMPANY LLC, a limited liability company, are and/or at all times relevant to the Complaint have been the operators of the Cannery Row Brewing Company restaurant and the lessees of the subject property housing the restaurant.

9. On information and belief, at relevant times Defendants DOES 1 through 10 were or are owners or co-owners of a real property interest in or to the Restaurant. On information and belief, Defendants DOES 10 through 20 are owners and/or co-owners and/or operators of the Cannery Row Brewing Company restaurant business operated at or near 95 Prescott Avenue

Monterey, California at the time of the incidents complained of herein.

10. Defendants, and each of them, are the owners, operators, lessees and/or lessors of the Restaurant as a public accommodation open to the public under the laws of the United States and the State of California. They each operate as a business establishment under the laws of the State of California because they provide goods, services and facilities in exchange for money.

11. Based upon a review of the building records and other documents, Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them were, at all times relevant to the action, the owner, operator, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein, including their managing agents and owners, gave consent to, ratified and/or authorized the acts alleged herein to each of the remaining Defendants.

**STATEMENT OF FACTS**

12. On December 31, 2015, Plaintiff visited the Restaurant as a patron. During the meal, Plaintiff asked staff at the Restaurant where he could find a restroom. He was informed that the restrooms were on a lower level of the Restaurant. The restrooms could only be accessed by stairs because the elevator to the lower level was out of service. Restaurant staff told Plaintiff that instead he could use the nearest public restroom, located in a parking structure across the street. Reaching that parking structure would have required Plaintiff to leave the Restaurant and encounter steep slopes. Staff was unable to inform Plaintiff when the elevator would be back in service.

13. Mr. Cleveland has patronized the restaurant several times over the past several years. The elevator has not been in service any time he has visited. Based on a review of the Cal-OSHA records regarding the elevator and upon information and belief, Plaintiff alleges that that Cal-OSHA has ordered the elevator taken out of service more than once for code violations, and

1  the Restaurant's owners and/or operators have elected to leave the elevator out of service rather
2  than repair it.  The owners have done so with full knowledge that the only restroom is located
3  down one level in the basement, and that the only access to the restroom when the elevator is out
4  of service is a flight of stairs.  Furthermore,  other barriers exist in the restaurant, including a lack
5  of accessible dining or seating areas in the bar areas which persist to date.

6  14. These conditions constitute deviations from the most basic access standards as set
7  forth in the 2004 Americans with Disabilities Act Accessibility Guidelines as well as the earlier
8  1991 Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities.
9  These conditions also fail to conform with State building regulations set forth in Title 24, Part 2,
10 Volume 1 of the California Code of Regulations, commonly referred to as the California
11 Building Code (the "CBC").

12 15. Plaintiff has been frustrated and extremely upset due to Defendants' insensitive
13 and illegal conduct. Plaintiff experienced loss of enjoyment, humiliation, embarrassment,
14 frustration and other kinds of distress because of the inaccessible condition of the Restaurant and
15 surrounding areas and the lack of accessible restroom facilities, all to Plaintiff's general damages
16 in an amount according to proof.

17 16. Based upon the fact that Defendants must be aware that they lack accessible
18 restrooms and accessible dining facilities and based upon the records and upon information and
19 belief, the fact that these issues have persisted for quite some time, Plaintiff is informed and
20 believes that Defendants' behavior is intentional, and that Defendants maintain discriminatory
21 policies and practices in conscious disregard of the civil rights of Plaintiff and others similarly
22 situated.

**FIRST CLAIM
AGAINST DEFENDANTS
(For Discriminatory Practices in Public Accommodations; Violation of the Americans with
Disabilities Act of 1990**)

26 17. Based on the facts and allegations pled in Paragraphs 1 through 14 above (which
27 Plaintiff re-pleads and incorporates herein by reference), Plaintiff was denied full and equal

- 5 -

enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA. Plaintiff alleges that each Defendant owns, leases and/or operates a public accommodation as defined in 42 U.S.C. section 12181(7). The condition of Defendants' Restaurant and/or the manner in which Defendants provided services failed to provide full and equal access to Defendants' goods and services in public accommodations as required generally by the provisions of 42 U.S.C. sections 12182(a) and 12182(b)(1)(A). As set forth in this Complaint, Plaintiff was specifically subjected to discrimination in violation of 42 U.S.C. sections 12182(b)(2)(A)(iv); 12182(b)(2)(A)(v); 12182(b)(2)(A)(iii); 12183 and 12188 because Plaintiff was denied equal access to and enjoyment of the Restaurant.

18. Plaintiff has physical disabilities as alleged in Paragraph 5 above because Plaintiff's conditions affect one or more of the following body systems: Neurological, musculoskeletal and/or cardiovascular. Further, Plaintiff's physical impairments substantially limit major life activities; including standing and walking. Plaintiff cannot perform the above-noted major life activities in the manner, speed and duration when compared to the average person. Moreover, Plaintiff has a history of or has been diagnosed and/or classified as having a physical impairment as required by 42 U.S.C. section 12102(2)(A).

19. One of the specific prohibitions against discrimination under the ADA is set forth in 42 U.S.C. section 12182(b)(2)(A)(iv). That section prohibits, in pertinent part: "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable."

20. Plaintiff alleges that the removal of each of the specific barriers that Plaintiff encountered as set forth above, was at all times, "readily achievable" pursuant to the factors set forth in the ADA and the applicable regulations adopted by the United States Department of Justice under the ADA (said regulations being set forth in 28 CFR Part 36). Further, assuming, *arguendo*, that Defendants were able to meet their burden of proof that the removal of the defined architectural barriers (or any of them) was or is not "readily achievable," Defendants

have conspicuously failed to make their goods, services, facilities, privileges, advantages and/or accommodations available through alternative readily achievable means pursuant to the requirements of 42 U.S.C. section 12182(b)(2)(A)(v).

21.     The specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. section 12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." Additionally, Defendants have conspicuously failed to obey the provisions of section 36.211 of 28 CFR 36 that requires public accommodations to maintain features that are required to be accessible.

22.     Based on the facts and allegations pled herein, Defendants failed and refused to reasonably modify their policies, practices and procedures in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly situated in enjoying and utilizing Defendants' services, facilities, privileges, advantages or accommodations, as required by the ADA.  Additionally, Defendants conspicuously failed to adopt required policies and procedures to allow people with disabilities to effectively navigate the Restaurant.

23.     Plaintiff is informed and believes and based thereon alleges that the Restaurant (or relevant portions thereof) was designed and constructed for first occupancy after January 26, 1993.  In this regard, 42 U.S.C. section 12183(a)(1) states that a failure to design and construct covered public accommodation buildings and facilities that are readily accessible to and useable by people with disabilities, as required by the ADA and the regulation enacted thereunder in 28 C.F.R. Part 36, is discriminatory and violates the ADA.  Plaintiff is informed and believes and based thereon alleges that Defendants have modified and altered the Restaurant on or after January 26, 1992, in a manner that affects the usability and accessibility of the Restaurant.  The ADA specifically prohibits discrimination against persons with disabilities in the construction and alteration of public accommodations.  In this regard, 42 U.S.C. section 12183(a)(2) as enforceable at the time of the incidents described herein prohibits:

>    (2) with respect to a Restaurant or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the Restaurant or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Restaurant are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the Restaurant containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for and referenced in 42 U.S.C. section 12183(a)(2). As enforceable at the time of the incidents alleged herein, section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

>    (a) General. (1) Any alteration to a place of public accommodation or a commercial Restaurant, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the Restaurant are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
>
>    (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
>
>    (b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial Restaurant that affects or could affect the usability of the building or Restaurant or any part thereof.
>
>    (1) Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...
>
>    (2) If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel" accessibility work to be conducted in connection with certain alterations. That section, as enforceable at the time of the incidents alleged herein states, in pertinent part:

>    (a) General. An alteration that affects or could affect the usability of or access to an area of a Restaurant that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area, are readily

>   accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

Section 36.403(e) defines a path of travel as follows:

>   (e) Path of Travel.  (1) A 'path of travel' includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the Restaurant, and other parts of the Restaurant.

>   (2) An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements.

>   (3) For the purposes of this part, the term 'path of travel' also includes the restrooms, telephones, and drinking fountains serving the altered area.

24.     Based on the facts and allegations pled at Paragraphs 1 through 21 above, and the facts elsewhere in this Complaint, Plaintiff was damaged and will suffer irreparable harm unless Defendants are ordered to discontinue business at the Restaurant or: (i) remove architectural and other barriers at Defendants' property and otherwise obey the requirements of the ADA and (ii) adopt policies and procedures that comport with the requirements of the ADA with respect to the enjoyment of the facilities by guests with disabilities.  Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.  Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiff desires to return to Defendants' place of business but is deterred from doing so because of the barriers set forth herein.  Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction, including a paid monitor, is necessary to assure that Defendants comply with the applicable requirements of the ADA.  Other access barriers may exist at the Restaurant.  Plaintiff will seek leave to amend this Complaint after a site survey of the premises by his access consultant, pursuant to the 9th Circuit's holding in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008).

**SECOND CLAIM
AGAINST DEFENDANTS
(For Denial of Full and Equal Access in Violation of
California Civil Code Sections 54 and 54.1)**

25. Based on the facts and allegations pled in Paragraphs 1 through 22 above and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendants have discriminated against Plaintiff and violated Plaintiff's rights under sections 54 and 54.1 of the California Civil Code. At all times relevant to this Action, California Civil Code sections 54 and 54.1 have provided that physically disabled persons are not to be discriminated against because of their physical disabilities and that they shall have full and equal use of public facilities and other public places.

26. Section 54(a) of the California Civil Code states that individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics and physicians' offices, public facilities and other public places.

27. Plaintiff is an individual with a disability as defined in California Government Code section 12926.

28. California Civil Code section 54.1 (a)(1) provides, in pertinent part, as follows:

> 54.1(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

29. California Health & Safety Code section 19955 provides, in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part 'public accommodation or facilities' means a building, structure, Restaurant, complex or improved area which is used by the general public... When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities they shall be made available for the handicapped.

30. California Health & Safety Code section 19956, which is in the same Chapter as section 19955, provides, in pertinent part: "All public accommodations constructed in this state

1  shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code."

3      31.    California Health & Safety Code section 19956 became operative on July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.

5      32.    Plaintiff is informed and believes and based thereon alleges, that the Restaurant was constructed and/or has been substantially altered or modified after July 1, 1970.

7      33.    Pursuant to the authority delegated by Government Code section 4450, *et seq.*, the California State Architect promulgated regulations for the enforcement of the aforementioned provisions of the Health & Safety Code and the Government Code.  Since July 1, 1970, the State Architect has developed and modified building regulations as set forth in the current version of the California Building Code and its antecedents (Title 24-2 of the California Code of Regulations).

13      34.    Plaintiff is informed and believes, and based thereon alleges, that the construction, alterations, remodeling and renovations that have been conducted since July 1, 1970 were conducted in violation of the above provisions of California law and the CBC.

16      35.    A violation of the above referenced sections of the Health & Safety Code and the Title 24 regulations adopted thereunder constitutes a violation of the general anti-discrimination provisions Civil Code sections 51(b), 54 and 54.1.

19      36.    Each violation of the Americans with Disabilities Act of 1990 also constitutes a violation of sections 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.  Plaintiff alleges that he has been denied such full and equal access as required by California law which incorporates Title III of the ADA.

24      37.    Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in sections 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under sections 54 or 54.1 shall be liable for each such offense for the

actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

38. The violations of Plaintiff's rights under the ADA and California law that are alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the Restaurant and the goods and services offered there and have caused Plaintiff to suffer the damage and harms set forth and alleged in this Complaint.

**THIRD CLAIM
AGAINST DEFENDANTS
(For Violation of Section 51 of the California Civil Code)**

39. At all times relevant to this action, section 51 of the California Civil Code has provided that physically disabled persons are not to be discriminated against because of their physical disabilities. Based on the facts and allegations pled at Paragraphs 1 through 35 above and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendants have discriminated against Plaintiff and violated Plaintiff's rights under section 51 of the California Civil Code.

40. Plaintiff is a disabled person or has a disability as defined by section 12926 of the California Government Code.

41. California Civil Code section 51(b) provides, in pertinent part:

(b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever

42. Section 51(f) of the California Civil Code states that a violation of the ADA also constitutes a violation of California Civil Code section 51.

43. Section 52(a) of the California Civil Code provides as follows:

(a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied

- 12 -

the rights provided in Sections 51, 51.5, or 51.6.

44. The barriers to access complained of herein as well as the failures to adopt and modify policies and procedures are patent (and in some cases absolute) barriers to people with mobility disabilities and are of an obvious and intuitive nature and demonstrate an intent to deny Plaintiff's rights.  Parties who own and/or operate restaurants are familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by the ADA.  Defendants intentionally allowed the barriers complained of herein to remain at the Restaurant and failed to adopt or modify policies and procedures to provide access to Plaintiff and persons similarly situated.  Plaintiff's damages resulted from Defendants' intentional acts and omissions.

WHEREFORE, Plaintiff prays for damages and relief as hereinafter stated.

## PRAYER FOR RELIEF

A. For general and special damages pursuant to California Civil Code sections 52, 54.3, 3281 and 3333, and/or under common law;

B. For a trebling of actual damages, but in no event less than $4,000 in damages pursuant to California Civil Code section 52 for each and every violation of California Civil Code section 51;

C. In the alternative to the damages pursuant to California Civil Code section 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages pursuant to California Civil Code section 54.3 for each and every violation of California Civil Code section 54.1 and/or California Civil Code section 54;

D. For injunctive relief pursuant to 42 U.S.C. section 12188 and section 52 of the California Civil Code.  Plaintiff requests that this Court enjoin Defendants from continuing to do business at the Restaurant prior to removing all architectural and policy barriers and otherwise complying with the ADA and California laws or in the alternative, that this Court issue a mandatory injunction requiring Defendants to immediately make the Restaurant fully accessible to people with disabilities, all in compliance with the standards set forth in the ADAAG and the

1  CBC. Plaintiff does not request any injunctive relief pursuant to section 55 of the California Civil
2  Code or section 19953 of the California Health & Safety Code;
3         E.     For attorneys' fees and costs pursuant to 42 U.S.C. §12188(a), California Civil
4  Code §52; California Civil Code §54.3, California Code of Civil Procedure §1021.5; and
5         F.     For such other further relief as the Court deems proper.

7  Date: June 19, 2018                              DERBY, McGUINNESS & GOLDSMITH, LLP

8                                                       /s/ Steven L. Derby
                                                    By STEVEN L. DERBY, Esq.
9                                                   Attorneys for Plaintiff
                                                    TIMOTHY CLEVELAND

11                                    **DEMAND FOR JURY**

12         Plaintiff hereby demands a jury for all claims for which a jury is permitted.

14  Date: June 19, 2018                             DERBY, McGUINNESS & GOLDSMITH, LLP

15                                                      /s/ Steven L. Derby
                                                    By STEVEN L. DERBY, Esq.
16                                                  Attorneys for Plaintiff
                                                    TIMOTHY CLEVELAND

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2018, I electronically transmitted Plaintiff's **FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** to the Clerk's Office using the CM/ECF System for filing and transmittal.

_____
GREGORY LEWIS